## Commonwealth v. Piper

*Harold S. Irwin, Jr.*, for Commonwealth.
*William R. Mark*, for defendant.

SHUGHART, P. J., June 20, 1962.—An information was filed before a justice of the peace charging the above defendant with a speeding violation under The Vehicle Code. Piper's address is R. D. 1, Fayetteville, Pennsylvania; notice of the charge was addressed to him however at Fayette, Pennsylvania, and was never delivered to him. Thereafter, defendant was arrested on a warrant and he was taken before the justice of the peace where he posted bond for a hearing. At the hearing, defendant appeared with counsel who moved for the dismissal of the proceedings on the ground that the magistrate had not acquired jurisdiction over defendant because of the failure to send the notice to the proper address. Defendant was found guilty. Thereafter on application of defendant's counsel a writ of certiorari was issued to the magistrate and the record is now before us.

In the exceptions to the record, defendant contends that since the justice of the peace failed to send the notice of the charge to defendant to the address shown for him on the records of the department, he had no authority to issue the warrant for his arrest and therefore never acquired jurisdiction over the person of defendant.

Section 1202 of The Vehicle Code of April 29, 1959, P.L. 58, 75 PS §1202, provides in part as follows:

"(a) Summary proceedings under this act may be commenced as provided in section 1201(c) or by the filing of information, which information must be filed in the name of the Commonwealth, and, within the period of seven (7) days after information has been lodged, the magistrate *shall* send by registered or certified mail, to the person charged, *at the address shown by the records of the department*, a notice in writing of the filing of the information, together with a copy thereof and a notice to appear within ten (10) days of the date of the written notice. (Italics supplied.)

"(1) If the person named in the information or in the notice provided for in section 1201(c) shall not voluntarily appear within ten (10) days of the date of the written notice or at the date and time stated in the notice provided for in subsection (c) of section 1201 of this act, a warrant shall then issue and may be served by a peace officer having authority to serve warrants in the county in which the alleged violation has been committed."

The requirement for the notice to defendant before issuance of a warrant is mandated by the legislature by the use of the word "shall." In Commonwealth v. Fickes, 11 Cumb. 175, 177, we said:

"The requirement that the justice of the peace send a notice to one charged with a summary offense under the vehicle code was apparently imposed by the legislature in order to save the unnecessary expense, inconvenience and embarrassment to which a defendant would be subjected if he was arrested on a warrant for a simple traffic violation. The purpose of the notice is to give the defendant an opportunity to appear voluntarily and thereby avoid the necessity for an arrest on a warrant. 'The effect of the notice under this section is not to give the magistrate jurisdiction over the person of defendant as is the case where a summons is served upon defendant in a civil action, and a failure to comply with the notice does not result in a default so far as the subject matter of the case is concerned; it merely results in the use of process to secure jurisdiction of his person.' Commonwealth v. Maun, 68 D. & C. 288, 290."

The legislative approval of provision for the voluntary appearance of defendant on notice and without service of a warrant is shown by the adoption of the Act of September 18, 1961, P.L. 1464, 19 PS Pkt. Pts. §12. This act, which applies only to cities of the first class, provides for service of a criminal summons in lieu of a warrant of arrest in all criminal cases punishable

by fine and imprisonment not exceeding two years and in larceny and fraudulent conversion cases where the amount involved is $200 or less. The act provides that except in prescribed exceptions. no "warrant of arrest shall be initially issued".*

The use by the legislature of the word "shall" in the provision for the notice to defendant in section 1202 of The Vehicle Code, plus the clearly expressed intention of the legislature in the act above that no warrant shall issue until defendant has been afforded an opportunity to appear, leads us to the conclusion that sending the notice to defendant at the address "shown by the records of the department" is a condition precedent to the issuance of a warrant. Where this condition is not fulfilled, the magistrate acquires no jurisdiction over the person of defendant and the proceedings are a nullity.

The salutary provision for the voluntary appearance of a defendant charged with a summary offense would be meaningless, if the sending of a notice other than to defendant's address shown by the records of the department constituted compliance, for a defendant could be arrested on a warrant in every case if the notice to appear was first sent to an incorrect address.

The various cases holding that an appearance by the defendant constitutes a waiver of defects in the notice are inapposite here for the reason that this defendant

---

* The proposed rules of criminal procedure on the subject of the institution of criminal proceedings provide for the service of a summons on a defendant by certified mail in certain types of misdemeanors so that a defendant may have an opportunity to appear to answer the charges without the issuance of a warrant for his arrest: Temporary Rules of Criminal Procedure, October 1961, Rules 305.1, 306.2. While these rules have not as yet been adopted in final form, the action of the committee does indicate a trend toward restricting the use of warrants of arrest until after the defendant has had an opportunity to submit himself to the jurisdiction of the magistrate voluntarily.

did not appear voluntarily but only under arrest on a warrant.

We conclude that the justice of the peace did not acquire jurisdiction over defendant and therefore the proceedings before him were a nullity.

### Order

And now, June 20, 1962, for the reasons given in the foregoing opinion, the above proceedings against defendant, Melvin E. Piper, Jr., are quashed and set aside.